No. 2,018.

## BOOS ET AL. *v.* BROWN.

PLEADING.—*Complaint.*—*Joint Liability.*—A complaint on an account for goods sold and delivered is not good against a co-defendant who was the alleged owner of the building in which such goods were situated and who by certain actions fraudulently prevented the purchaser of the goods from paying for the same, without alleging the insolvency of the purchaser or in some way negativing plaintiff's ability to collect the purchase-price from him by legal process.

From the Huntington Circuit Court.

*B. M. Cobb* and *J. C. Branyan,* for appellants.

*France & Dungan,* for appellee.

REINHARD, J.—The appellee avers, in her complaint, that in February, 1895, she was the owner of a bakery and lunch room, in the city of Huntington, which she then and there sold and delivered to the appellant George Geller for $300.00, to be paid in ten days after such sale, but which remains due and upaid. She avers that the appellant Boos owned the house and room in which said bakery was situated, and had, prior to said sale, leased the room to the appellant Geller to carry on the baking business. She further says that after the sale and delivery of said property, the appellant Boos, "for the purpose of annoying, harassing, baffling, frustrating, and defeating the payment for said goods, pretended to the said George Geller that if he, the said Geller, would refuse to pay for said furniture and goods, he would see that they were removed from said building, and that new furniture would be put by him therein, and that he would lease him the room to conduct said business, and that said

Geller refused, and still refuses, to pay for said goods." The appellee says, that by reason of said promises and inducements made by said Boos to said Geller, the latter was influenced and induced to refuse payment for said goods sold him by appellee.

A separate demurrer by the appellant Boos was addressed to this pleading and overruled. The demurrer should have been sustained. The complaint is bad for several reasons. It does not show a joint liability by Boos and Geller. As against the latter, it seems to declare upon an account for goods sold and delivered, while as to Boos the complaint sounds in tort. But it also fails to show that the appellee has sustained any damages. For aught that appears, the appellant Geller is perfectly solvent, and the appellee may be able to collect every cent owing to her from Geller by legal process. If so, she has not lost anything.

Judgment reversed.

Filed June 11, 1896.